Judges, RICHARD K. EATON, Judge.*
Plaintiff Patrick McDowell appeals from a judgment of the District Court, entered on September 27, 2007, following a successful motion for summary judgment filed by defendant T-Mobile USA, Inc., plaintiffs former employer. Plaintiff alleged that defendant discriminated against him because of his race — on the “pretext” of disciplining him for violations of company policies regarding vehicle accidents — and retaliated against him because of previous complaints in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (“Title VII”), the Civil Rights Act of 1866, 42 U.S.C. § 1981, and related state anti-discrimination statutes.[1] On appeal, plaintiff argues principally that the District Court erred in dismissing his discrimination claim because plaintiff presented sufficient evidence of “pretext” under the burden-shifting standard in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) (outlining “burden-shifting” in a workplace discrimination claim brought under Title VII).[2] Plaintiff also challenges the dismissal of his retaliation claim for failure to establish a protected activity. See Richardson v. Comm’n on Human Rights & Opportunities, 532 F.3d 114, 123 (2d Cir.2008) (explaining that “participation in a protected activity known to the defendant” ís an element of a prima facie claim of retaliation (internal quotation marks omitted)). We assume the parties’ familiarity with the underlying facts and procedural history of the case, which have been thoroughly explained by the District Court. See McDowell v. T-Mobile USA Inc., No. cv04-2909, 2007 WL 2816194, 2007 U.S. Dist. LEXIS 71591 (E.D.N.Y. Sept. 26, 2007).
We review a district court’s grant of summary judgment de novo, construing all facts in favor of the non-moving party. See, e.g., Paneccasio v. Unisource Worldwide, Inc., 532 F.3d 101, 107 (2d Cir.2008). Summary judgment is only warranted upon a showing “that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.” Fed.R.Civ.P. 56(c).
As applied in the employment context, McDonnell Douglas requires a plaintiff to produce some evidence showing the prima facie elements of a discrimination claim, whereupon the “burden of production shifts to the employer to articulate some legitimate, nondiscriminatory reason for the termination.” Patterson v. County of Oneida, 375 F.3d 206, 221 (2d Cir.2004) (internal quotation marks omitted). If a defendant produces admissible evidence showing legitimate business reasons for *533 terminating plaintiff, “the burden shifts back to the plaintiff to demonstrate by competent evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.” Id. (internal quotation marks omitted). Summary judgment is appropriate where “the plaintiff has failed to show that there is evidence that would permit a rational factfinder to infer that the employer’s proffered rationale is pretext.” Id. Of course, “[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.” Id. (internal quotation marks omitted).
Upon review of the record before us, a number of factual matters seem to remain in dispute, and we do not entirely agree with each of the District Court’s conclusions regarding plaintiffs evidence of “pretext.” However, the District Court’s principal reason for granting summary judgment in this case, and plaintiffs “ultimate burden,” id., is whether plaintiff has presented evidence that defendant intentionally discriminated against him on the basis of race. The District Court found that “[although it is unclear who ultimately made the determination to revoke [plaintiffs] driving privileges, [Keith] Zaring’s recommendation ... appears to be the final decision on the issue.” McDowell, 2007 WL 2816194, at *5, 2007 U.S. Dist. LEXIS 71591, at *18. Critically, Zaring — a manager in defendant’s Fleet Management Department in Bellevue, Washington — testified at his deposition that he did not know plaintiffs race until after this litigation began. Plaintiff, who at all relevant times worked in and around New York City, has not introduced any evidence suggesting, much less tending to show, that Zaring’s testimony was untrue. Instead, the only evidence in the record is that to Zaring, “the critical decision-maker,” id. at *1, 2007 U.S. Dist. LEXIS 71591 at *2, plaintiff was a faceless employee on the other side of the continent, one of many of people “subject to [Zaring’s] enforcement of driving policies and procedures.” (Deposition of Keith Zaring, July 7, 2005,107.)
Despite extensive document discovery and depositions, plaintiff has failed to come forward with any evidence that Zaring knew plaintiffs race or was not the critical decision-maker. Instead, plaintiff merely asserts that “highlighting the state of mind among upper level management overlooks T-Mobile’s inconsistent application of company policies in New York. The jury may find that local management selectively applied these rules, and that the company reviewed plaintiffs Motor Vehicle Record (MVR) only after he complained about discriminatory promotion practices.” (PI. Reply Br. 2-3.) Although there is evidence in the record that defendant’s policies were applied inconsistently, there is no evidence that the adverse action against plaintiff— revocation of driving privileges and termination — was taken on the basis of plaintiffs race, or that “local management” played a decision-making role. The only possible conclusion based on the record before us is that the decision to terminate plaintiff was made in far-away Washington, not locally in New York City. Zaring, the “critical decision-maker,” McDowell, 2007 WL 2816194, at *1, 2007 U.S. Dist. LEXIS 71591, at *2, never met plaintiff, and it is not disputed that Zaring did not know plaintiffs race until after this lawsuit began. Accordingly, as the District Court concluded, plaintiffs case lacks critical evidence of discriminatory intent and cannot proceed past summary judgment. See McDowell, 2007 WL 2816194, at *16-18, 2007 U.S. Dist. LEXIS 71591, at *56-62; see also Raytheon Co. v. Hernandez, 540 U.S. 44, 54 n. 7, 124 S.Ct. 513, 157 L.Ed.2d *534 357 (2003) (noting, in the context of a claim of discriminatory hiring brought under the Americans with Disabilities Act of 1990, that if a defendant “were truly unaware that such a disability existed, it would be impossible for her hiring decision to have been based, even in part, on [plaintiffs] disability. And, if no part of the hiring decision turned on [plaintiffs] status as disabled, he cannot, ipso facto, have been subject to disparate treatment.”); Woodman v. WWOR-TV, Inc., 411 F.3d 69, 81 (2d Cir.2005) (holding, in age discrimination case, that allegations of defendant’s knowledge of a protected ground must be supported by evidence to avoid summary judgment, and observing that “[e]ourts have similarly required a prima facie showing that a defendant knew of a plaintiffs protected status in connection with other discrimination claims”).
In addition, plaintiff points to no evidence in the record that anyone else involved in the process of terminating him was impermissibly motivated by race. For example, plaintiff does not even allege that L’Etta Gulbin, a member of defendant’s HR department who reviewed Zaring’s recommendation to fire plaintiff, had a discriminatory intent; Gulbin is herself African-American. In addition, plaintiff testified in his deposition that his immediate supervisor, Wayne Krum, who forwarded plaintiffs vehicle accident report to Zaring, was a fair supervisor and had not treated him differently on the basis of race. Nor is there any evidence or allegation that Ian Ellis, Krum’s supervisor, harbored any racial bias or played a decision-making role. Indeed, both Krum and Ellis had recommended plaintiff for a promotion that was pending at the time plaintiff was terminated. In light of this evidence, plaintiffs bare allegation against “local management” is insufficient to proceed past summary judgment.
Finally, we agree with the District Court that plaintiff has not presented a prima facie claim of retaliation because the record contains insufficient evidence that plaintiff ever engaged in a protected activity. See McDowell, 2007 WL 2816194, at *18, 2007 U.S. Dist. LEXIS 71591, at *62-64. It is undisputed that plaintiff never explicitly complained about racial discrimination in any of his oral complaints. Instead, plaintiff argues that he “implicitly” complained about race in stating to Krum that his paperwork was delayed, and, on another occasion, that another employee of Dominican ancestry was not promoted. (As the District Court observes, there is inconsistent testimony from plaintiff himself as to whether he complained that a second employee, who was African-American, was not promoted.) However, there is no evidence in the record — other than plaintiffs own testimony regarding his intent — on which a jury could conclude that plaintiffs supervisors could have understood that plaintiffs complaints about a paperwork delay and a co-worker’s career were about race. See Richardson, 532 F.3d at 123 (explaining that “participation in a protected activity known to the defendant ” is an element of a prima facie claim of retaliation (emphasis added) (internal quotation marks omitted)).
For the foregoing reasons, we AFFIRM the judgment of the District Court.

 The Hon. Richard K. Eaton, of the United States Court of International Trade, sitting by designation.

. Claims brought under the Human Rights Laws of New York State and New York City, including the sections alleged in this lawsuit, are analytically identical to claims brought under Title VII. See, e.g., Petrosino v. Bell Atl., 385 F.3d 210, 220 n. 11 (2d Cir.2004); Torres v. Pisano, 116 F.3d 625, 629 n. 1 (2d Cir.1997); Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 714-15 & n. 6 (2d Cir.1996). Claims brought under section 1981 also apply a substantially equivalent analytical framework, the requirements of which are, at least with regard to the issues presented in this case, at least as restrictive as those applied to a Title VII claim. See Patterson v. County of Oneida, 375 F.3d 206, 225-27 (2d Cir.2004). Therefore, we address here only the Title VII claim.

. Plaintiff alleged other claims in the District Court relating to discrimination in promotion. However, plaintiff has not pressed those claims on appeal and we do not consider them. See Norton v. Sam’s Club, 145 F.3d 114, 117 (2d Cir.1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.”).